## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

PATRICIA A. ROSS,

        **Plaintiff,**

v.                                    **Case No:  6:15-cv-1764-Orl-DCI**

COMMISSIONER OF SOCIAL
SECURITY,

        **Defendant.**

---

## MEMORANDUM OF DECISION

Patricia A. Ross (the Claimant) appeals the Commissioner of Social Security's (the Commissioner) final decision denying her applications for disability benefits.  Doc. 1.  Claimant argues that the Administrative Law Judge (the ALJ) erred by: 1) assigning little weight to Dr. Alyn Benezette's opinion; 2) assigning some weight to Dr. Monivirin Son's opinions; 3) assigning little weight to Dr. Anuranjan Bist's opinion; 4) assigning great weight to the opinions of two non-examining state agency physicians; and 5) finding her testimony concerning her pain and limitations not credible.  Doc. 16 at 22-35.  Claimant argues that the matter should be reversed and remanded for an award of benefits.  *Id*. at 35.  For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

## I.    <u>PROCEDURAL HISTORY</u>.

On September 18, 2009, Claimant filed an application for disability insurance benefits, alleging a disability onset date of June 1, 2008.  R. 141-42.  On June 6, 2011, the ALJ entered a decision finding that Claimant was not disabled.  R. 33-48.  This decision ultimately became the Commissioner's final decision.  R. 1-3.

On November 13, 2012, Claimant appealed the Commissioner's final decision to this Court. Claimant argued that the ALJ erred by: 1) rejecting Drs. Benezette's, Son's and Bist's opinions; 2) failing to properly evaluate her credibility; and 3) relying exclusively on the Medical-Vocational Guidelines (the Grids) at step five. R. 1246-47. On September 18, 2013, the Magistrate Judge entered a report finding that the ALJ did not err in rejecting Dr. Son's opinions or finding Claimant's testimony concerning her pain and limitations not credible. R. 1251-52, 1254-55. The Magistrate Judge, however, found that the ALJ failed to articulate sufficient good cause to reject Drs. Benezette's and Bist's opinions, and erred by exclusively relying on the Grids at step five. R. 1249-57. On October 3, 2013, the Court entered an order adopting the report, and reversing and remanding the case for further proceedings. R. 1243.

Claimant filed applications for supplemental security income while the case was pending before this Court, alleging the same disability onset date as before, June 1, 2008. R. 1346-72. On December 9, 2013, the Appeals Council, in light of the Court's order remanding the case, entered an order vacating its final decision, consolidating Claimant's applications for disability, and remanded the case to the ALJ for further proceedings consistent with the Court's order remanding the case. R. 1261.

On December 17, 2014, the ALJ entered a decision again finding that Claimant was not disabled. R. 1137-52. This decision ultimately became the Commissioner's final decision. R. 1117-20. This appeal followed.

## II.    THE ALJ'S DECISION.

The ALJ found that Claimant suffered from the following severe impairments: obesity; coronary artery disease; lumbar degenerative disc disease; bipolar disorder; and posttraumatic stress disorder. R. 1140. The ALJ also found that Claimant suffered from the following non-

severe impairments: status post wrist surgery; tachycardia; and vertigo. *Id.* The ALJ found that

Claimant did not meet or equal any listed impairment. R. 1140-41. The ALJ found that Claimant

had the residual functional capacity (RFC) to perform light work as defined by 20 C.F.R. §§

404.1567(b) and 416.967(b),[1] with the following specific limitations:

> [T]he claimant requires the option to alternate between sitting and
> standing every 30 minutes. She can never climb ladders, ropes, and
> scaffolds. She can occasionally climb ramps and stairs, stoop, kneel,
> crouch, and/or crawl. She can occasionally reach overhead and
> frequently handle and finger. She must avoid concentrated exposure
> to vibrations, moving mechanical parts, and unprotected heights.
> The claimant is limited to performing simple tasks with little
> variation, which take a short period of time to learn (up to and
> including 30 days). She can relate adequately to supervisors, but is
> limited to occasional contact with co-workers and no contact with
> the general public. She is able [to] deal with changes in a routine
> work setting and must avoid production–paced work.

R. 1141-42. The ALJ found that Claimant was not capable of performing her past relevant work.

R. 1150. The ALJ, however, found that Claimant was capable of performing other work in the

national economy, such as route clerk, blade balancer and paper pattern folder. R. 1150-51. The

ALJ, consequently, found that Claimant was not disabled from her alleged onset date, June 1,

2008, through the date of his decision, December 17, 2014. R. 1151-52.

## III.   <u>STANDARD OF REVIEW.</u>

The Commissioner's findings of fact are conclusive if supported by substantial evidence.

42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b).

than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).   Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.   The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

IV.   **ANALYSIS.**

This appeal primarily centers on the ALJ's consideration of Drs. Benezette's, Son's and Bist's opinions.  Doc. 16 at 22-31.  Claimant argues that the ALJ erred by assigning some weight to Dr. Son's opinion, and assigning little weight to Drs. Benezette's and Bist's opinions. *Id*.[2]   The

---

[2] The Court notes that Claimant appears to challenge the ALJ's consideration of Dr. James Shea's opinion. *See* Doc. 16 at 23, 27.  Dr. Shea is a one-time examining physician, who completed a Disability Impairment Questionnaire on August 1, 2014.  R. 1799-803.   The ALJ assigned Dr. Shea's opinion little weight because it was inconsistent with Claimant's examination, inconsistent with other medical evidence, and appeared to rely heavily on Claimant's subjective complaints. R. 1148.  Claimant, at one point, claims that the "ALJ mischaracterized Dr. Shea's report to the extent he found it based entirely on [her] subjective statements." Doc. 16 at 27.  Claimant, though, does not subsequently argue how this alleged mischaracterization undermines the ALJ's decision to assign Dr. Shea's opinion little weight. *See* Doc. 16 at 22-31.  Further, Claimant does not challenge the other reasons supporting the ALJ's determination to assign Dr. Shea's opinion little weight. *See id*.  Thus, given the perfunctory nature of Claimant's argument concerning the ALJ's

Commissioner argues that the ALJ articulated good cause, supported by substantial evidence, for the weight assigned to each of the challenged opinions. Doc. 17 at 4-23.

At step four, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).[3]

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c).

A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial

---

decision to assign Dr. Shea's opinion little weight, the Court finds Claimant has waived any argument challenging the weight assigned to Dr. Shea's opinion. *See N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

evidence); *see also Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).  There is good cause to assign a treating physician's opinion less than substantial or considerable weight, where: 1) the treating physician's opinion is not bolstered by the evidence; 2) the evidence supports a contrary finding; or 3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records.  *Winschel*, 631 F.3d at 1179.

The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned to each opinion.  *Winschel*, 631 F.3d at 1179.  The failure to state the weight with particularity or articulate the reasons in support of the weight prohibits the Court from determining whether the ultimate decision is rational and supported by substantial evidence. *Id*.

### A.  Dr. Bist.

Claimant argues that the ALJ failed to articulate good cause, supported by substantial evidence, to assign Dr. Bist's opinion little weight.  Doc. 16 at 27-31.  The Commissioner argues that the ALJ articulated sufficient reason(s), supported by substantial evidence, for assigning Dr. Bist's opinion little weight.  Doc. 17 at 17-22.

The medical record reveals that Claimant has suffered from several mental impairments. Claimant began treating with Dr. Bist, a psychiatrist, in January 2011.  R. 1078-81.  A mental status examination during that initial exam revealed that the Claimant had anxious and depressed mood, and impaired attention/concentration.  R. 1080.  The examination was otherwise unremarkable.  *Id*.  Dr. Bist assigned Claimant a Global Assessment Functioning (GAF) score of 60,[4] and diagnosed her with major depression, recurrent.  R. 1081.  Claimant treated with Dr. Bist

---

[4] GAF scores are used to report an individual's overall level of functioning.  Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed. Text Revision, 2000).  A GAF score of 51-60 reflects: **"Moderate symptoms** (e.g., flat affect and circumstantial speech,

on eight more occasions between January and August 2011. Claimant's mental status examination's remained largely unchanged, with relatively consistent observations of anxious and depressed mood, an observation of impaired attention/concentration, and one completely unremarkable examination. R. 1070, 1072, 1074, 1076, 1676, 1680-82. Dr. Bist routinely noted that Claimant was achieving minimal to moderate progress. *Id*.

Dr. Bist completed a Psychiatric/Psychological Impairment Questionnaire on April 19, 2011. R. 1062-69. Dr. Bist noted that he diagnosed Claimant with major depression, recurrent, with her primary symptoms consisting of depression, anxiety, panic attacks and attempted suicide. R. 1062, 1064. Dr. Bist noted that the following clinical findings support his diagnosis: poor memory; appetite disturbance with weight change; sleep disturbance; mood disturbance; emotional lability; recurrent panic attacks; anhedonia; psychomotor agitation; feeling so worthlessness; difficulty thinking or concentrating; suicidal ideation or attempts; decreased energy; persistent irrational fears; and generalized persistent anxiety. R. 1063. Dr. Bist opined that Claimant's current GAF score was 65.[5] R. 1062. Dr. Bist opined that Claimant is "mildly limited"[6] in her ability to: understand, remember and carry out one or two step instructions; sustain ordinary routine without supervision; make simple work related decisions; ask simple questions or request

occasional panic attacks) **OR moderate difficulty in social, occupational, or school functioning** (e.g., few friends, conflicts with peers or co-workers)." Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed. Text Revision, 2000) (emphasis in original).

[5] A GAF score of 61-70 indicates: "**Some mild symptoms** (e.g., depressed mood and mild insomnia) **OR some difficulty in social, occupational, or school functioning** . . ., **but generally functioning pretty well, has some meaningful interpersonal relationships**." Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed. Text Revision, 2000) (emphasis in original).

[6] The form Dr. Bist completed defined "mildly limited" as "not significantly affect[ing] the individual's ability to perform the activity." R. 1064.

assistance; accept instructions and respond appropriately to criticism; be aware of normal hazards and take appropriate precautions; travel to unfamiliar places or use public transportation; and set realistic goals or make plans independently.  R. 1065-67.  Dr. Bist also opined that Claimant is "moderately limited"[7] in her ability to: remember locations and work-like procedures; understand and remember detailed instructions; work in coordination with or proximity to others without being distracted by them; complete normal workweek without interruptions from psychologically based symptoms; interact appropriately with the public; and get along with co-workers or peers without distracting them.  R. 1065-66.  Dr. Bist also opined that Claimant is "markedly limited"[8] in her ability to: carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerance.  R. 1065.  Dr. Bist opined that Claimant is capable of performing low stress jobs, and would likely miss more than three days of work per month.  R. 1068-69.

The ALJ considered Dr. Bist's treatment records and opinion, R. 1142-43, 1149, and stated the following with respect to Dr. Bist's opinion:

> I gave this assessment little weight as it is inconsistent with his treatment notes and the other evidence of record.  Consistent with his assessment, when Dr. Bist examined the claimant in July 2011, he indicated that she had a GAF score of 60.  According to the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV), a GAF score of 60 indicates moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g. few friends, conflicts with peers or co-workers).  In the assessment questionnaire, he indicated a GAF score of 65, which

---

[7] The form Dr. Bist completed defined "moderately limited" as "significantly affect[ing] . . . the individual's ability to perform the activity."  R. 1064.

[8] The form Dr. Bist completed defined "markedly limited" as "effectively precludes the individual from performing the activity in a meaningful manner."  R. 1065.

indicates she is even less limited.  According [to] the DSM-IV, she would have only mild symptoms.

Thus, I do not fully accept Dr. Bist's opinion.  He did not perform any psychological testing and his opinion appears to be based primarily upon claimant's subjective complaints.  He did not observe any type of panic attack.  Further, I find that Dr. Bist's opinion does not take into account the claimant's situational stressors and his opinion is not consistent with the other evidence contained in the medical record and the claimant's activities of daily living, including her significant work activity.  The claimant noted that she had situational stressors such as caring for her mother with dementia and taking care of her children.  One son had bipolar disorder and the other, Asperger's syndrome.  The claimant's hospitalization in April 2012 occurred after a family dispute.  Her symptoms were easily managed with treatment.  By the time of her discharge, her GAF score was 60.  I accept that the evidence shows some moderate limitations regarding social interactions and in concentrating and attending to work tasks, but these are not disabling.  The evidence clearly indicates that the claimant experiences no more than moderate limitation when she is compliant with her anti-depressant and other medications.  There is no indication of panic attacks or crying spells or the frequency or severity that would preclude the claimant from performing gainful work activity.  This conclusion that the claimant has no more than moderate mental limitations is supported by the evidence of record.  Notably, when the claimant was seen for a follow-up appointment a[t] Steward Marchman Act in January 2014, she indicated that she was on the best combination of medication that she had ever been on.

R. 1149.  Thus, the ALJ assigned Dr. Bist's opinion little weight because: it is inconsistent with Claimant's GAF scores of 60 and 65; he did not perform any psychological testing, nor did he observe Claimant having a panic attack; Dr. Bist's opinions appeared to be based on Claimant's subjective complaints; Dr. Bist did not take Claimant's situational stressors (*i.e.*, taking care of her mother with dementia and son with Asperger's syndrome) into account in rendering his opinion; Claimant's daily activities and work history were inconsistent with his opinions; and Claimant's symptoms have been easily managed with treatment.  *Id.*  Claimant argues that her GAF scores,

daily activities, and Dr. Bist's reliance on her subjective reports do not constitute good cause to assign Dr. Bist's opinion little weight.  Doc. 16 at 27-30.

The Court finds that the ALJ articulated sufficient good cause to assign Dr. Bist's opinion little weight.  The ALJ found that Dr. Bist's opinion was inconsistent with his treatment notes, including Claimant's GAF scores and Dr. Bist's apparent reliance on Claimant's subjective complaints.  R. 1149.  The ALJ may consider GAF scores in weighing opinions, *see Marshall v. Comm'r, Soc. Sec. Admin.*, 660 F. App'x 874, 876 n.3 (11th Cir. 2016), and, in this case, the ALJ properly noted that Claimant's GAF scores, which denote mild to moderate symptoms, are not entirely consistent with Dr. Bist's opinion.  R. 1149.  Further, it does appear that Dr. Bist's opinion stems, in part, from Claimant's subjective complaints, because many of the clinical findings that Dr. Bist identifies in his opinion were reported to Dr. Bist, but were not observed during his mental status examinations, nor discussed as being credible in his treatment notes.  *Compare* R. 1063 *with* R. 1070, 1072, 1074, 1076, 1080, 1676, 1680-82.  The ALJ also found that Dr. Bist's opinion was inconsistent with the evidence of record, including her daily activities, such as caring for her children, and the management of her symptoms with medication.  R. 1149; *see, e.g.*, R. 68, 174, 1408, 1668, 1676.  These reasons tend to support the ALJ's determination to assign Dr. Bist's opinion little weight.  Therefore, the Court finds that the ALJ articulated sufficient good cause, which is supported by substantial evidence, to assign Dr. Bist's opinion little weight.[9]

---

[9] The Court notes that despite the ALJ's decision to assign little weight to Dr. Bist's opinion, the ALJ's RFC determination is largely consistent with Dr. Bist's opinion.  Dr. Bist, for example, opined that Claimant is mildly limited in her ability to understand, remember and carry out one or two step instructions, and markedly limited in her ability to carry out detailed instructions.  R. 1065.  The ALJ's RFC determination seemingly accounts for these opinions by limiting Claimant to performing simple tasks with little variation.  R. 1142.  Dr. Bist, as another example, opined that Claimant is moderately limited in her ability to interact appropriately with the public, and get along with co-workers or peers without distracting them.  R. 1066.  The ALJ's RFC determination seemingly accounts for these opinions by limiting Claimant to occasional contact with co-workers,

**B. Dr. Son.**

Claimant argues that the ALJ committed two errors with respect to Dr. Son's opinions. First, Claimant argues that the ALJ's failed to account for all of the limitations in Dr. Son's opinions that he did not reject. Doc. 16 at 23-24. Second, Claimant argues that the ALJ provided conclusory reasons to assign Dr. Son's opinions only some weight. *Id.* at 24-27. The Commissioner argues that Claimant is barred from challenging the ALJ's consideration of Dr. Son's opinions under the law-of-the-case doctrine. Doc. 17 at 10. The Commissioner alternatively argues that the ALJ articulated sufficient reason(s), supported by substantial evidence, for assigning Dr. Son's opinions some weight. *Id.* at 10-13.

The record reveals that Claimant treated with Dr. Son, a family physician, on multiple occasions between November 2007 and April 2011. R. 400-01, 441-43, 446-47, 457-59, 463-65, 468-69, 655-57, 1002-03, 1041-43, 1048-51, 1087-91. Dr. Son completed a Multiple Impairment Questionnaire on October 20, 2009. R. 792-99. Dr. Son diagnosed Claimant with lumbago, headaches, and bipolar disorder. R. 792. Dr. Son opined that Claimant can sit for less than one hour in an eight-hour workday, and stand/walk for less than one hour in an eight-hour workday. R. 794. Dr. Son opined that Claimant can only sit for 30 minutes before needing to stand and move around. *Id.* Dr. Son opined that Claimant can frequently lift and carry less than five pounds, and occasionally lift and carry less than 20 pounds. R. 795. Dr. Son opined that Claimant has minimal limitations in reaching, grasping and fingering. R. 795-96. Dr. Son opined that Claimant

---

and no contact with the general public. R. 1142. Therefore, to the extent the ALJ erred in assigning little weight to Dr. Bist's opinion, it appears any error is harmless given the consistency between Dr. Bist's opinion and the ALJ's RFC determination. *See Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination).

cannot push, pull, kneel, bend or stoop.  R. 798.  Dr. Son opined that Claimant is capable of low

stress work, and would likely be absent from work for more than three days a month.  R. 797-98.[10]

The ALJ considered Dr. Son's treatment records and opinions, R. 1142-43, 1147, and

stated the following with respect to Dr. Son's opinions:

> I gave Dr. Son's assessments of the claimant some weight as they
> are generally supported by a review of the medical evidence.
> However, the postural limitations he notes and the absences are not
> supported by his treatment notes and the other medical evidence of
> record.  Dr. Son's treatment notes do not indicate that the claimant
> had disabling impairments as she received routine conservative
> treatment.  I also note that the course of treatment pursued by Dr.
> Son has not been consistent with what one would expect if the
> claimant were truly disabled, as the doctor has reported.  He
> apparently relied quite heavily on the subjective report of symptoms
> and limitations provided by the claimant, and seemed to uncritically
> accept as true most, if not all, of what she . . . reported.  Yet, as
> explained elsewhere in this decision, there exist good reasons for
> questioning the reliability of her subjective complaints.

R. 1147.  Therefore, the ALJ found that much of Dr. Son's opinions were supported by the medical

evidence, with the exception of Dr. Son's opinions concerning Claimant's postural limitations[11]

and the number of absences from work per month.  *Id*.  Claimant essentially argues that the ALJ

should have either accounted for the limitations he found to be supported by the medical evidence

in his RFC determination, or provide a reasoned explanation why he chose not to account for those

---

[10] Dr. Son authored a letter on March 14, 2011, in which he essentially opined that Claimant had the same limitations as set forth in his October 20, 2009 opinion.  R. 1052-53.

[11] There are two (2) primary categories of limitations, exertional and nonexertional.  20 C.F.R. §§ 404.1569a(a), 416.969a(a).  An exertional limitation relates to a claimant's ability to meet the seven (7) strength demands of jobs: sitting; standing; walking; lifting; carrying; pushing; and pulling.  *Id*. at §§ 404.1569a(b), 416.969a(b).  All other limitations are considered nonexertional, and include postural and manipulative limitations.  *Id*. at §§ 404.1569a(c), 416.969a(c).  Postural limitations include stooping, climbing, crawling, crouching, kneeling, and balancing.  *See id*. at §§ 404.1569a(c)(1)(vi), 416.969a(c)(1)(vi).

limitations in his RFC determination.  Doc. 16 at 23-24.  The ALJ did neither in this case, and, thus, Claimant argues that the ALJ erred.  *Id*.

The Court, as an initial matter, is not persuaded that Claimant is barred from challenging the ALJ's consideration of Dr. Son's opinions under the law-of-the-case doctrine.  "The law of the case doctrine is the rule under which the trial court and appellate courts are bound by any findings of fact or conclusions of law made by the appellate courts in a prior appeal of the case at issue." *Robinson v. Parrish*, 720 F.2d 1548, 1550-51 (11th Cir. 1983) (per curiam) (internal quotations omitted).  The law of the case doctrine, however, "cannot apply when the issue in question was outside the scope of the prior appeal." *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1332 (11th Cir. 2005).  The ALJ originally assigned little weight to Dr. Son's opinions.  R. 45.  Claimant challenged that finding in her first appeal, and the Court found that the ALJ did not err in assigning Dr. Son's opinions little weight, but found other errors that required remand for further proceedings.  R. 1249-58.  The ALJ, subsequently, assigned Dr. Son's opinions some weight, expressly rejecting only portions of his opinions.  R. 1147.  Thus, a fundamental change occurred with respect to the ALJ's consideration of Dr. Son's opinions, and thus the issues raised by Claimant in this appeal are outside the scope of the prior appeal.  Therefore, the Court finds that the law-of-the-case doctrine does not bar Claimant from challenging the ALJ's consideration of Dr. Son's opinions.

The Court finds that the ALJ erred because he neither accounted for Dr. Son's opinion that the ALJ did not expressly reject, nor provided a reasoned explanation why the ALJ chose not to account for those limitations in his RFC determination.  An ALJ is not required to include or account for every limitation in a medical opinion into his or her RFC determination simply because he or she assigned the opinion some or great weight.  An ALJ, however, is required to provide a

reasoned explanation as to why the ALJ chose not to include particular limitations in the RFC determination. *See Winschel*, 631 F.3d at 1179 ("It is possible that the ALJ considered and rejected these two medical opinions, but without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence."); *see also Monte v. Astrue*, Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009) (An "ALJ cannot reject portions of a medical opinion without providing an explanation for such a decision.") (citing *Morrison v. Barnhart*, 278 F. Supp. 2d 1331, 1337 (M.D. Fla. 2003)). The ALJ, here, gave some weight to Dr. Son's opinion, finding many of his opinions were supported by the medical evidence, with the exception of Dr. Son's opinions concerning Claimant's postural limitations and the number of days she would miss work per month. R. 1147. Thus, it appears the ALJ found Dr. Son's opinions concerning Claimant's ability to sit, stand, and walk in an eight-hour workday, as well as her ability to lift and carry were supported by the medical evidence. *See id.* The ALJ, however, did not account for these limitations in his RFC determination. *Compare* R. 794-95 *with* R. 1141-42. Therefore, the ALJ should have provided a reasoned explanation as to why his RFC determination did not include or otherwise account for Dr. Son's opinions concerning Claimant's ability to sit, stand, walk, lift and carry. *See Winschel*, 631 F.3d at 1179; *Monte*, 2009 WL 210720, at *6-7. The ALJ's decision contains no such explanation. *See* R. 1141-50. Without any explanation for this action, the Court is unable to conduct a meaningful review of the ALJ's decision to not include or otherwise account for Dr. Son's opinions that he did not reject.[12] Therefore, the Court finds that the ALJ's RFC

---

[12] This error is not harmless, because Dr. Son's opinions concerning Claimant's ability to sit, stand, walk, lift and carry would preclude light work. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b).

determination, and consequently his decision, is not supported by substantial evidence, and the case must be reversed.[13]

### C. Remedy.

Claimant requests that this case be remanded for an award of benefits. Doc. 16 at 35. The Court may remand a social security disability case for an award of benefits where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993), or where the claimant has suffered an injustice, *see Walden*, 672 F.2d at 840. Claimant argues that the Commissioner "should not be given a third bite at the apple when all the credible medical evidence points in the direction of a finding of disability." Doc. 16 at 35. Thus, it appears Claimant argues that the essential evidence establishes disability beyond a doubt. *Id.* The Court is not persuaded. First, the Court found that the ALJ did not err in assigning Dr. Bist's opinion little weight. Second, the Court is reversing this case so the ALJ may further explain the weight assigned to Dr. Son's opinion, and the reasons in support of the weight assigned to Dr. Son's opinion. Thus, in light of the evidence in the record, the Court finds the essential evidence does not establish disability beyond a doubt. Therefore, this case should be reversed and remanded for further proceedings so the ALJ may address the issues discussed in this decision.

---

[13] The Court finds that the foregoing issue is dispositive of this appeal, and, thus, there is no need to address Claimant's remaining assignments of error. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors). The Court, however, finds it necessary to comment on the ALJ's consideration of Dr. Benezette's opinion. Claimant argues that the ALJ erroneously provided conclusory reasons to assign Dr. Benezette's opinion little weight. Doc. 16 at 24-27. The Court is not persuaded that the ALJ's reasons for assigning Dr. Benezette's opinion are conclusory, but the ALJ's reasoning could benefit from additional explanation. *See* R. 1147. Therefore, on remand, the ALJ should provide additional explanation in support of the weight assigned to Dr. Benezette's opinion.

V.     **CONCLUSION**.

For the reasons stated above, it is **ORDERED** that:

1.   The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant

to sentence four of 42 U.S.C. § 405(g); and

2.   The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 30, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Gregory J. Froehlich
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
Desoto Bldg., Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224